Shernika **HOLTON**, Spencer Wilson, Sandra McIntyre, Mary Hill, Willie Mae Lewis, Sharon Bostick, The Thomas County Branch of the NAACP, Gladys Shotwell, Audrey Linder, Lisa Webb, Jennifer Hightower, Evelyn Wilkerson, Plaintiffs–Appellants,

v.

## CITY OF THOMASVILLE SCHOOL DISTRICT, Defendant–Appellee.

### No. 06–12984.

United States Court of Appeals, Eleventh Circuit.

March 27, 2008.

Thomas J. Henderson, Derek W. Black, Lawyers' Committee for Civ. Rights Under Law, Washington, DC, for Plaintiffs–Appellants.

Paul R. Dieseth, Dorsey & Whitney, LLP, Minneapolis, MN, Jerry A. Lumley,

Lumley & Howell, LLP, Macon, GA, for Defendant–Appellee.

Before EDMONDSON, Chief Judge, and TJOFLAT and GIBSON,** Circuit Judges.

PER CURIAM:

Briefly stated, we, in our more recent opinion (490 F.3d 1257) in this case, affirmed the District Court's decision dealing with whether the school district's use of ability grouping either presently discriminates intentionally against black students or reflects—per the *McNeal* decision—the present result of past unlawful segregation in the district.

Plaintiffs say, in part, that we were wrong to represent that, if present intentional racial discrimination by the school district has been a motivating factor in the present racial imbalance in classes, the federal courts could do nothing if other causes also contributed substantially. We did not intend to say that. The opinion writer was shifting between two ideas: present discriminatory intention and present results of past discrimination.

Still, it is hard to be always clear. And we do not wish to be confusing. So, if the opinion—taken as a whole—can be read to say something like what plaintiffs suggest, we write today to say that the opinion should not be read to have decided such a thing. We did not need to be or mean to be innovative.

For the ability grouping, the district court, as a matter of fact, has repeatedly found no present intent to discriminate on account of race. Given the whole evidence, that finding is not clearly erroneous. Everything we wrote last July must be taken in that context. We stand by our decision.

Petition for Rehearing DENIED.